## Central Illinois Public Service Company, Appellant, v. City of Sullivan, Moultrie County, Illinois et al., Appellees.

1. INJUNCTION, § 202*—*what confessed by general demurrer to bill.* A general demurrer to a bill for an injunction confesses the truth of all facts well pleaded.

2. INJUNCTION, § 177*—*when averment in bill by electric company sufficient to show complainant is public utility.* The averment in a bill for an injunction that the complainant is a corporation organized under the laws of the State of Illinois, chartered to construct and operate plants, machinery, poles, pole lines and apparatus for generating and distributing electrical energy for light, heat and power, is sufficient to show that the complainant was a public utility within the jurisdiction of the State Public Utilities Commission.

3. INJUNCTION, § 179*—*when averment in bill by electric company sufficient to show that complainant has right in public streets.* Where complainant in a bill for an injunction is a public utility corporation, organized under the laws of this State, the averment in the bill that it "owns and operates an electrical generating station and distribution system within" a certain city is sufficient, as against a general demurrer, to show that it had a right, franchise or license in the public streets, alleys and grounds of such city to do the things necessary to the operation of the business of erecting and maintaining in the streets of the city "poles, pole lines and other apparatus" for "distributing electrical energy for light, heat and power," its charter power.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. INJUNCTION, § 177*—*what immaterial on question of sufficiency of bill by electric company.* On the question of the sufficiency of a bill to enjoin respondent city from interfering with the complainant electric light, heat and power company, in its carrying out of the order of the State Public Utilities Commission that it furnish service to all citizens requesting it—which order specifically provided that it was not intended to in any way affect or influence pending litigation between the city and the company—*held* that it was wholly immaterial whether the city had notice of the proceeding before the Commission in which the order was entered or whether or not the order was void as to the city.

5. PUBLIC UTILITIES, § 4*—*what is effect of order of State Public Utilities Commission.* In so far as an order of the State Public Utilities Commission conflicts with city ordinances concerning matters over which the Commission has jurisdiction, the order of the Commission supersedes and sets aside the provisions of the ordinances.

6. INJUNCTION, § 181*—*when bill does not involve question, whether equity will enjoin commission of crime.* A bill by an electric light, heat and power company asking that the respondent city be enjoined from interfering with the complainant in its carrying out of the order of the State Public Utilities Commission that it furnish service to all citizens requesting it, *held* not to involve the question whether equity will restrain the commission of crime or the arrest and prosecution of persons charged therewith.

7. INJUNCTION, § 177*—*when bill by electric company shows cause for equitable relief.* A bill by an electric light, heat and power company to enjoin respondent city from interfering with complainant in its carrying out of an order of the State Public Utilities Commission that it furnish service to all citizens requesting it, *held* to show a cause for equitable relief and to be good as against a general demurrer.

Appeal from the Circuit Court of Moultrie county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the April term, 1919. Reversed and remanded with directions. Opinion filed October 21, 1919.

VAUSE, HUGHES & KIGER, for appellant.

E. J. MILLER, for appellees.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

This is an appeal from an order dismissing a bill in chancery filed by appellant against appellees, for want of equity, after a general demurrer to it had been sustained.

The bill alleges that appellant is a corporation, duly organized and existing under and by virtue of the laws of the State of Illinois, and that by its charter, among other things, it is authorized to own, construct and operate plants, machinery, poles, pole lines and other apparatus for generating and distributing electrical energy for light, heat and power, and in the exercise of its charter powers, it owns and operates an electrical generating station and distribution system within the City of Sullivan, Moultrie county, Illinois, and was on the 1st day of December A. D. 1915, ever since has been and still is engaged in the business of generating, distributing and selling electrical energy for light, heat and power to said City of Sullivan and its inhabitants, and is the owner of the property used as aforesaid, situated in the said City of Sullivan; that citizens of the City of Sullivan had requested appellant to connect their houses and business places with its distributing system so that such citizens could have the use of the electric current and energy of appellant; that appellant had attempted to comply with such request but had been prevented from so doing by appellees and that thereupon appellant had refused to further attempt to comply with such requests; that thereupon a petition had been filed with the State's Utilities Commission seeking for an order compelling appellant to comply with the request of such citizens; that in due course an order was entered by that commission in which it found that appellant was a public utility engaged in furnishing electric light and power to the public in the City of Sullivan; that

it was failing and refusing to furnish and provide service to many of the citizens of the said City of Sullivan and ordering it to furnish such service to all the citizens of said city, who should request to be furnished therewith until the further order of the commission, and declaring it to be the purpose of the order to require appellant to furnish service to the public in the City of Sullivan pending the determination by the courts of the rights of the said City of Sullivan and appellant then in litigation; that thereupon further applications were made to appellant to connect up the houses and places of business of such citizens of the City of Sullivan and that it attempted to comply with such request but was again interfered with and prevented from so doing by appellees who threaten to continue to interfere with and prevent it from connecting up said residences and business places with its electric system and current. The relief prayed for in this bill is for an injunction against appellees restraining them from in any manner interfering with your appellant in attempting to carry out and conform to and obey the order of the State Public Utilities Commission of Illinois.

Appellees contend that the demurrer was properly sustained to the bill because the bill does not show, first, that appellees claim to have any right, franchise or license in the public streets and alleys and grounds of the City of Sullivan; second, that the order of the State Utilities Commission was void as to the City of Sullivan because that city had not been served with notice of the order or of the hearing at which it was made; third, that equity will not take jurisdiction to prevent the arrest and trial of persons charged with crime.

The demurrer confesses the truth of all facts well pleaded. The bill contains the averment that appellant is a corporation organized under the laws of the State of Illinois, chartered to construct and operate

plants, machinery, poles, pole lines and apparatus for generating and distributing electrical energy for light, heat and power. Upon the authority of *Chicago, B. & Q. R. Co. v. Cavanagh,* 278 Ill. 609, where it is held that the averment by a railroad company in a petition for the condemnation of a right of way, that it "owned and operated a railroad" was a sufficient averment to show that it was a public utility within the jurisdiction of the State Public Utilities Commission, we hold that the averments above stated are sufficient to show that appellant is a public utility and, if so, of course is subject to the jurisdiction of that commission. Appellant being a public utility corporation organized under the laws of Illinois, the averment that it "*owns and operates* an electrical generating station and *distribution* system within the City of Sullivan" is a sufficient averment when challenged by a general demurrer to show that it had a right, franchise or license in the public streets, alleys and grounds of the City of Sullivan to do the things necessary to the operation of the business of erecting and maintaining in the streets of that city "poles, pole lines and other apparatus" for "distributing electric energy for light, heat and power," it is charter power.

The order of the Public Utilities Commission was not void for want of notice to the City of Sullivan of the hearing or order in question. The city was not required by that order to do or refrain from doing a thing. In *Chicago, B. & Q. R. Co. v. Cavanagh,* 278 Ill. 609-617, the Supreme Court say on this subject: "These provisions relate only to notice, or service of an order, upon some persons or corporation *either complained of or required to do something or comply with some order,* rule or regulation." The order of the Utilities Commission was not addressed to the City of Sullivan nor were the rights or obligations of the City of Sullivan adjudicated. It merely directed appellant to continue to exercise the rights and privileges it

had been and was then exercising, until the relative rights of appellant and the said City of Sullivan were adjudicated by the courts in the then pending litigation, and specifically provided that by that order it was not intended to in any way affect or influence pending litigation. On the question of the sufficiency of this bill, it is wholly immaterial whether the City of Sullivan had notice of the proceedings before of the order of the Utilities Commission or whether the order of that commission was void as to the city or not. Neither is it material, if true, that the City of Sullivan had passed an ordinance which conflicts with the order of the State Utilities Commission. In so far as an order of the Utilities Commission conflicts with city ordinances concerning matters over which the commission have jurisdiction, the order of the Commission supersedes and sets aside the provisions of the ordinances. *City of Chicago v. O'Connell,* 278 Ill. 591-606.

The third question argued by appellees, namely, whether equity will restrain the commission of crime or the arrest and prosecution of persons involved. Such an injunction is not sought for. It is only asked that appellees shall be restrained from interfering with appellant, its agents and servants in connecting the houses and business places of applicants in the City of Sullivan for the purpose of distributing electrical energy and from disturbing the lines of appellant.

The bill shows a cause for equitable relief and is good against a general demurrer. The demurrer to this bill was improperly sustained.

The decree of the Circuit Court is reversed and the cause is remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*